Thank you, Your Honor. Sheila Grapper Nelson appearing on behalf of Felton Pilot. If it please the Court, I would like to address the issue of mootness as requested by the Court in its most recent order. I was wondering if all we're supposed to do is a Munsingwear type order. No, Your Honor. Well... Vacate everything and it's all gone. That would be fine, Your Honor. Do you have any concern except for the collateral estoppel effect of the bankruptcy judgment? None whatsoever. I guess my question is, why isn't this gate moot? And you are agreeing that it is? No, Your Honor. We do not believe that it is necessarily moot in that if the Court were to determine that the bankruptcy ruling and the adoption by the District Court were to remain in effect, there is still a legally cognizable interest on behalf of Mr. Pilot in the pre-1990 compositions, the co-owned copyright interest. But what's the interest in terms of the relief? The relief that your client was seeking in this since that's been done, that relief can't be granted. Our concern is as articulated by Justice Kleinfeld, which is the potential for a misapplication of the determination by the bankruptcy court in relationship... I understand that you might have concerns about that, but I'm not seeing how that affects mootness. The interest in the pre- the denial of dischargeability as to the Burrells does not undermine the estate in the bankruptcy court. The estate continues in existence to the extent that there are pre-owned, pre-199 compositions that are co-owned by Mr. Pilot. Those interests would be outside of the bankruptcy estate, even if they were controlled by the contract terms as to the amount of royalties to be paid. Well, I understand that, but is this case about that? I thought this case was an action to block dischargeability. It was, Your Honor. If it is, then why isn't it just moot now that there's a determination of non-dischargeability on other grounds, and as to your interest in the compositions, or your client's asserted interest in them, that he just has to pursue that through other means? Well, Your Honor, we're concerned that the bankruptcy court's misinterpretation of the those pre-1990 compositions. Let me see if I've got this right. You asked the bankruptcy court, don't discharge him in bankruptcy because he abused his fiduciary duty. Bankruptcy court said, no, and what's more? Said, no, we will not discharge. It said, no, we won't discharge, or first it said, no, I won't give you your non-dischargeability adjudication, and what's more, you don't have the deal you thought you had on the 1986 through 1990 songs, but then later on in the proceeding, the bankruptcy court says, I won't discharge him. He's not discharged. Well, that's what you wanted in the first place. Correct, Your Honor. So your only problem is its decision on the 1986 through 1990 songs. Correct, Your Honor. Now, as I understand it, since you sought non-dischargeability and you got, albeit not by the path you wanted, non-dischargeability, the case is moot. By the time the district court adjudicated the case, unbeknownst to the district court, it had lost jurisdiction because of mootness, and under Munson where we have to vacate the bankruptcy court decision because you were deprived of your opportunity to appeal it on account of mootness. In which case, the determinant. Which means you're home free. You just sue the man in the state court. Correct, Your Honor. Yes. Now, I don't understand something you said in response to Judge Gould, and that is that the estate is still going on. I thought the bankruptcy court usually just dismissed cases once they decided non-dischargeability. No, Your Honor. In this particular instance, and not necessarily, the discharge was denied to the Burrells pursuant to a stipulated judgment, but the estate remains in effect and is being administered for the benefit of creditors. Now, let me put aside Judge Kleinfeld's thought, which may very well be correct, that under Munson where we should vacate the judgment below. But whether we did that or not, couldn't you still make your requests of the estate in the bankruptcy your interest? And if you get a ruling that you don't like based on what the judge said earlier or otherwise, you could appeal that. I mean, that just has nothing to do with this case, which has been determined that the relief that you wanted, you've got. I believe, Your Honor, that the trustee in bankruptcy would argue both race judicata and collateral estoppel because they would argue that the determination as to the Your problem is that even though you've got non-dischargeability, you're still in bankruptcy court and the bankruptcy judge has decided that you don't have the deal for the 1986 through 1990 recordings. That's correct, Your Honor. And I think our argument with reference to the bankruptcy court's determination is that the bankruptcy court was attempting to assure that there would be no fiduciary relationship between Mr. Pilot and Mr. Burrell and took the Burrell's argument, which did not support the bankruptcy court's decision that a co-owned authorship in copyright was akin to tenancy in common to find that there was no fiduciary obligation and gerrymandered that into a throwaway comment that has continuing implications for Mr. Pilot. So you say there is still a live controversy here, even though you appealed only on the dischargeability? No, Your Honor. We only appealed as to the interpretation of the 1990 agreements to pre-1990 co-owned copyright interests. We have no other, we have abandoned all other appeals. Your problem is you're going to go back down, you'll still be in bankruptcy court, and you'll still be stuck with an adverse decision. That was a throwaway statement that has implications for real property interests. Well, actual property interests. Your contention is you would not be able, you wouldn't have another vehicle to litigate that in the bankruptcy court? We believe that would be an accurate, a potential outcome, correct, Your Honor? A potential outcome, though, is not necessarily a live controversy at this point, is it?  The estate has tentatively put in question Mr. Pilot's claim for $18 million, and though these compositions would be a portion of that, the amounts owed, the estate is still undertaking to determine, I believe, what funds are available for distribution to creditors. Mr. Pilot is an unsecured creditor in the Burrell bankruptcy. Thank you, counsel. Thank you, Your Honor. I have no further argument if the court has no further questions, and I cede my time to whomever else needs it. Thank you, counsel. I guess there won't be a responsive argument that you need rebuttal time for. Thank you, counsel. Pilot v. Burrell is submitted. Thank you, Your Honor. We'll hear United States v. Siebert.
judges: Dw Nelson, Kleinfeld, Gould